Alvaro Martin DE JESUS MALE FONCECA, aka Alvaro Male–Fonseca; Alvaro Male–Forseca, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74294.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2004.*

Decided July 14, 2004.

---

* The panel unanimously finds this case suitable for decision without argument. Fed. R.App. P. 34(a)(2).

**266**

Alejandro Garcia, City of Commerce, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Michelle E. Gorden, Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before: D.W. NELSON, JOHN R. GIBSON,** and GRABER, Circuit Judges.

### MEMORANDUM ***

Alvaro Male Fonseca,[1] a native of Costa Rica, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's decision denying Fonseca asylum and withholding of deportation.

Fonseca, a former teacher, contends that the record showed he had been subjected to past persecution on account of his political opinion when Nicaraguan guerillas tried to force him to lend them his students to act as messengers for the guerillas. The immigration judge found that Fonseca had been subjected to past violence, but that the evidence did not establish that he held a political belief or that

his attackers targeted him because of any such belief. Fonseca's case is indistinguishable from *INS v. Elias–Zacarias*, 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), in which the Supreme Court held that a guerilla group's attempt to conscript unwilling civilians by force to further the guerillas' political views was not persecution on account of the victim's political opinion. Substantial evidence supported the immigration judge's finding that Fonseca did not prove past persecution on account of his political opinion or well-founded fear of future persecution.

Fonseca also contends that the immigration judge erred in taking into account Fonseca's failure to relocate within his native country of Costa Rica to avoid persecution. Because Fonseca failed to prove that he had been subjected to persecution on account of his political opinion or that he had a well-founded fear of such persecution, it is unnecessary to decide whether the immigration judge properly considered the feasibility of relocation.

**PETITION DENIED.**

** The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The official docket sheet spells petitioner's name "Fonceca," but petitioner's brief refers to him as "Fonseca," as do most of the administrative records. We therefore will adopt petitioner's spelling of his own name.